No. 1861.—George D. Pritchett *v.* Wm. G. Coyle.

A party claiming property must recover on the strength of his own title, rather than on the weakness of his adversary's.

APPEAL from Fourth District Court, parish of Orleans. *Théard*, J. *Cooley & Phillips*, for plaintiff and appellant. *J. McConnell*, for defendant and appellee.

Ludeling, C. J.   George D. Pritchett instituted this suit against William G. Coyle to recover certain personal property which said Pritchett alleges he had purchased from one Thompson.

It is unnecessary to notice all the questions which have been discussed by counsel, or to pass upon all the grounds of defense set up in the answer.

It suffices to ascertain that the plaintiff has failed to establish any right to the property in question. The title under which he claims is a fraudulent simulation, conferring no ownership whatever.

The evidence shows that Mrs. Titterton was the partner of Thompson in the coal and wood business; that Thompson bought wood and coal of the defendant, and that, failing to pay, he undertook to secure his debt by transferring the property in controversy to him, subject to certain conditions. It is unnecessary to consider now whether this act was a sale, a *dation en payement* or pledge, or neither, or whether it had any validity whatever, for the plaintiff must recover on the strength of his own title.

With a full knowledge of all the facts connected with this transfer, the plaintiff took a written act of sale from Thompson to the property in his own name, and gave as the price thereof a note for $8000, which was given to Mrs. Titterton, plaintiff's wife's grandmother; and notwithstanding the note was payable on demand, payment thereof has never been demanded. Pritchett states he does not know whether the note is in existence or not. He further explains the consideration of the sale: " I agreed to give him $8000 as the price of the sale. I was to *assume his indebtedness to Mrs. Titterton*, which was near that sum." Pritchett states further: "The sale of the twenty-first of November, 1866, from Thompson to me, was originated by me, but

8

advised by my counsel. I suggested it to my counsel and he advised it. I can not say that I had spoken to Thompson on the subject, or .suggested it to him, before I had consulted with my counsel." * * * " I insisted upon his giving me a bill of sale. He said he would do it." * * * " I wanted to protect Mrs. Titterton's interest." * * * " I generally attented to Mrs. Titterton's business."

The evidence in the record leaves no doubt on our minds that Pritchett's name has been interposed to try to subserve the interests of his *relation and principal,* Mrs. Titterton, who was not able to success-fully claim the property of the partnership of which she was a member, from the defendant, who was a creditor of that partnership; and that he has no interest in or right to the property in controversy.

The judgment of the District Court was correct, except in allowing damages. The claims for damages were discontinued by consent.

It is therefore ordered that the judgment of the District Court be .avoided and reversed. It is further adjudged and decreed that the plaintiff's demands be rejected; that the injunction be dissolved; that the plaintiff pay costs of the District Court, and the defendant and .appellee pay the costs of appeal.